IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ERICA E. WHITE                                                                  PLAINTIFF

vs.                                         Civil No. 1:20-cv-01037

COMMISSIONER, SOCIAL                                DEFENDANT
SECURITY ADMINISTRATION[1]

## MEMORANDUM OPINION

Erica White ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") benefits under Titles II and XVI of the Act. In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[2] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

---

[1] Kilolo Kijakazi became Acting Commissioner of the Social Security Administration on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The docket numbers for this case are referenced by the designation "ECF No. ___." The transcript pages for this case are referenced by the designation "Tr" and refer to the document filed at ECF No. 13. These references are to the page number of the transcript itself not the ECF page number.

1. **<u>Background:</u>**

Plaintiff protectively filed her disability applications on August 9, 2016, and August 17, 2016. (Tr. 54, 143, 154, 167, 189). In these applications, Plaintiff alleged being disabled due to fibromyalgia, left knee replacement, numbness in the left foot, post-traumatic stress disorder ("PTSD"), restless leg syndrome ("RLS"), and breathing problems. (Tr. 143-144, 154-155, 167, 189). Plaintiff alleged an onset date of September 29, 2015. (Tr. 54, 143, 154, 167, 189). These applications were denied initially and again upon reconsideration. (Tr. 211-213, 214-217, 228-230). Thereafter, Plaintiff requested an administrative hearing, and this hearing request was granted. (Tr. 233-241).

Plaintiff's administrative hearing was held on July 29, 2019, in El Dorado, Arkansas. (Tr. 106-140). At this hearing, Plaintiff was present and represented by Greg Giles. *Id*. Plaintiff and Vocational Expert ("VE") Beverly Majors testified at this hearing. *Id*.

On September 25, 2019, the ALJ entered an unfavorable decision denying Plaintiff's disability applications. (Tr. 51-65). In his decision, the ALJ found Plaintiff met the insured status requirements of the Act through June 30, 2020. (Tr. 56, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since September 29, 2015, her alleged onset date. (Tr. 56, Finding 2). The ALJ found Plaintiff had the following severe impairments: bilateral knee degenerative changes with residual effects of left total knee replacement; bilateral shoulder degenerative changes with residual effects of rotator cuff repair; degenerative changes of the lumbar spine; lower extremity neuropathy; obesity; fibromyalgia; and asthma. (Tr. 56, Finding 3). Despite being severe, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 58, Finding 4).

In his decision, the ALJ evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC").  (Tr. 58-63, Finding 5).  Specifically, the ALJ found Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except for no more than occasional climbing of ramps/stairs; no climbing of ladders, ropes, or scaffolds; no more than occasional balancing, stooping, kneeling, crouching, crawling; no more than occasional overhead reaching with the bilateral upper extremities; no more than occasional exposure to environmental conditions such as fumes, noxious odors, dusts, mists, gases, poor ventilation, and temperature extremes; and the need to use a one-handed assistive device for ambulation.

(Tr. 58, Finding 5).

The ALJ determined Plaintiff had no Past Relevant Work ("PRW").  (Tr. 63, Finding 6).  Thus, she had no PRW she could perform.  The ALJ then considered whether Plaintiff had the capacity to perform other work existing in significant numbers in the national economy.  (Tr. 63-64, Finding 10).  In making this determination, the ALJ relied upon the testimony of the VE.  *Id*.  Specifically, the VE testified Plaintiff retained the capacity to perform work as an addresser (sedentary) with 7,840 jobs available in the national economy, order clerk (sedentary) with 18,300 jobs available in the national economy, and document preparer (sedentary) with 46,650 jobs available in the national economy.  (Tr. 64).  Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from September 29, 2015, or through September 25, 2019, the date of his decision.  (Tr. 64-65, Finding 11).

Plaintiff requested the Appeal's Council's review of the unfavorable disability determination.  The Appeals Council denied this request on July 7, 2020.  (Tr. 1-4).  Thereafter, on August 5, 2020, Plaintiff appealed her administrative case to this Court. ECF No. 1.  The parties

consented to the jurisdiction of this Court on August 6, 2020.  ECF No 5.  Both parties have filed their appeal briefs, and this matter is now ripe for consideration.  ECF Nos. 15, 16.

2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff

must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. She determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **<u>Discussion:</u>**

In her appeal brief, Plaintiff raises the following three arguments for reversal: (1) the ALJ gave improper weight to the opinions of her treating physicians; (2) the ALJ erred in assessing her RFC; and (3) the ALJ erred in failing to find the combination of Plaintiff's impairments met or equaled a listing at Step Three. ECF No. 15. Upon review, the Court finds Plaintiff's first argument is merited, and the ALJ has not properly evaluated the opinions of Plaintiff's treating physicians. Thus, the Court will only address this issue.

Plaintiff claims the ALJ gave improper weight to the opinions of her treating physicians. ECF No. 15 at 3-15. Because Plaintiff's claims were filed before March 27, 2017, the rules for evaluating opinion evidence are set forth by 20 C.F.R. §§ 404.1527, 416.927. *See* 20 C.F.R. §§

404.1527(a)-(f) (2017), 416.927(a)-(f) (2017). "The opinion of a treating physician is accorded special deference under the social security regulations." *Vossen v. Astrue*, 612 F.3d 1011, 1017 (8th Cir. 2010) (quoting *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000)). Ultimately, the ALJ must "give good reasons" to explain the weight given the treating physician's opinion. *Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2012) (quoting 20 C.F.R. § 404.1527(c)(2)). However, a statement by a medical source that a claimant is disabled does not necessarily mean the Commissioner will find the claimant disabled. *Brown v. Barnhart*, 390 F.3d 535, 540 (8th Cir. 2004).

On May 31, 2016, Plaintiff had a total knee replacement performed by Dr. Jeffrey DeHaan. (Tr. 408, 440). After Plaintiff's surgery, Dr. DeHaan continued to treat Plaintiff. (Tr. 509-512, 513-516, 519-522, 527-530, 532-534, 686-689, 702-705, 706-708, 713-716, 929-932, 998, 1140-1144). Additionally, Dr. Antoon treated Plaintiff both before and during the relevant period. (Tr. 784-786, 787-789, 790-793, 794-796, 797-799, 800-802, 803-806, 807-810, 811-814, 815-818, 819-822, 823-826, 827-829, 830-833, 834-837, 838-842, 843-847, 848-851, 852-856, 857-861, 862-866, 867-871, 872-877, 878-881, 899-904, 905-909, 910-915, 1185-1189, 1190-1194, 1195-1199, 1200-1204, 1205-1209, 1210-1214).

The ALJ gave little weight to the opinions of Dr. Antoon and Dr. DeHaan. (Tr. 63). The ALJ stated the opinions of Drs. Antoon and DeHaan were not consistent with the medical evidence. *Id*. Notably, the ALJ did not state what was inconsistent with Dr. DeHaan's nor Dr. Antoon's findings considering the record contains a complete and lengthy medical record setting forth both Dr. DeHaan's and Dr. Antoon's treatment of Plaintiff.

The ALJ has the responsibility to determine which findings are inconsistent and which opinions should be given greater weight than other opinions. *See Brown v. Astrue*, 611 F.3d 941,

951-952 (8th Cir. 2010). However, when an ALJ determines that a treating physician's opinion should be discounted, "he should give good reasons for doing so." *Id*. (internal quotation and citation omitted). In this matter, the ALJ erred in discounting the findings of Drs. Antoon and DeHaan. *See Brown*, 611 F.3d at 951-952.

Substantial evidence does not support the ALJ's decision of Plaintiff being not disabled because the ALJ failed to properly analyze the opinions of Plaintiff's treating physicians. Because the ALJ did not properly review the opinions of Plaintiff's treating physicians, this case should be reversed and remanded for proper review and analysis of these opinions.

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgement incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 21st day of September 2021.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE